JAMES L. GARREN ET UX v. CHARLES E. KELLEY

5-5434                                    462 S. W. 2d 861

Opinion delivered February 1, 1971

*Dickey, Dickey & Drake,* for appellants.

*Holmes & Holmes,* for appellee.

LYLE BROWN, Justice. This is a boundary line dispute between adjoining owners. The court decreed that the true boundary line was in accordance with appellee's survey and appellants contend that in so holding, the trial court did not follow a preponderance of the evidence. Secondly, it is contended that the chancellor should have ordered an independent survey.

Appellee is the owner of the east 50 feet of Lot 42, and all of Lots 43 and 44, Park Hill Addition to the City of Pine Bluff. Appellants are the owners of Lot 45 which joins appellee's Lot 44 on the east. The property was subdivided many years ago and the lots in the immediate area are shown to have 150 feet frontage and a depth of 287 feet. The lots were deeded to the respective parties by reference to lot numbers and not to metes and bounds descriptions.

Appellants' neighbor on the east is Harry E. Farmin. In 1959 Farmin erected a fence on what he thought to be the Garren-Farmin boundary. Then in 1969 appellee constructed a fence on the west side of appellants. When appellants measured the distances between the two described fences they found that they were some six or seven feet short of the 150 feet called for in their deed. Appellants had a survey made by the county surveyor, J. H. Shepherd, and appellants concluded that appellee's fence encroached on their property to the extent of the missing six or seven feet. This lawsuit followed, the purpose being to require appellee, Kelley, to remove the fence.

Appellants' principal witness was the county surveyor. He testified that he started at the southeast corner of a quarter section, which he said was also the southeast corner of the subdivision. He testified that the subdivision was laid out with the southeast corner of the quarter section as the beginning point. He said he went due west the required number of feet and came to an iron pin at the southeast corner of appellants' Lot 45. From there he said he established the other three corners of appellants' lot and concluded that appellee's fence

encroached on appellants approximately six or seven feet. He found existing iron pins at each of appellants' corners which conformed to his survey. The testimony of Mr. and Mrs. Garren and Mr. Farmin tended to corroborate the surveyor's description of the markers.

Leo Tyra, a registered surveyor and civil engineer, made the survey for appellee. He produced an extensive plat which he prepared on the basis of his survey. He did not start from the southeast corner of the quarter section, rather he went west and used "some very old iron pins to the west of the Kelley lots and they proved themselves all the way to Highway 65." He explained that his starting point tied in with original survey pins and with lots north of and across the street from the Kelley property. He was critical of the pin at the southeast corner of the quarter section, from which the county surveyor started his survey. He insisted that the pin had come into existence since 1964 and appeared to have been put where the county surveyor found it because of a fence line. He related that nine feet east of that pin he found an old blaze on a tree which in his opinion was part of a surveyor's code. He said the pin should be moved nine feet east to place it exactly on the southeast corner of the quarter section. If that were done "then I believe the entire subdivision fits there and the land is there." Otherwise, he said there would be "utter confusion in the subdivision."

Witness C. C. Monk, Jr. lived on the property for some thirty years, moving away just before appellants purchased Lot 45 in 1965. He related that during all those years the old pins used by Mr. Tyra were considered established points. Additionally, he testified that for many years an iron pin was to be found which was eight feet east of the fence established by Farmin. In other words, it was his opinion that Mr. Farmin had enclosed some eight feet of appellants' property. Mr. Tyra came to the same conclusion.

The court found that the pins set by Mr. Tyra represented the correct corners separating the properties

of the litigants. We are unable to say that finding is against the preponderance of the evidence.

Appellants contend that the chancellor should have ordered an independent survey. A request for such a survey was not presented to the trial court. Additionally, the levying of costs is purely statutory; and it has been held that the trial court is without power, absent agreement of the litigants, to levy the costs of a court-appointed engineer against the parties. *Arkansas Game & Fish Comm.* v. *Kizer,* 222 Ark. 673, 262 S. W. 2d 265 (1953).

Affirmed.